BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -4 1974

PATRICIA D. HOWARD
CLERK DOCKET NO. 179

IN RE BOURNS
PATENT LITIGATION

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

Marlan E. Bourns is the owner of a patent concerning
"variable resistors."  In a prior action involving the Bourns
patent the Nebraska district court held certain claims of
the patent invalid.  Bourns, Inc. v. Dale Electronics, Inc.,
308 F. Supp. 501 (D. Neb. 1969).  Undaunted by that decision,
plaintiffs soon thereafter filed an action in the Northern
District of Illinois charging Allen-Bradley Co. and five other
defendants with infringement of the Bourns patent.[1]  Earlier
this year the Illinois court denied plaintiffs' request that
the Allen-Bradley action proceed as a defendant class action
and, immediately subsequent to that decision, plaintiffs insti-

---

\* Judge Lord was unable to attend the Panel hearing and,
therefore, took no part in the consideration or decision
of this matter.

[1] Bourns, Inc. v. Allen-Bradley Co., N.D. Illinois, Civil
Action No. 70-C-1992

- 2 -

tuted seven other actions in five different districts charging various additional defendants with infringement of the Bourns patent. [2/]

Plaintiffs now move the Panel for an order transferring all of these actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.  All defendants oppose transfer, except Carter Manufacturing Corp. and Beckman Instruments, Inc. [3/]  We find insufficient basis for transfer under Section 1407 and, accordingly, deny plaintiffs' motion without prejudice to the right of any party to move for transfer at a later time.

Since each defendant challenges the validity of the Bourns patent, plaintiffs contend that transfer of all actions to the Northern District of Illinois is necessary to prevent duplication of discovery concerning that common issue.  In addition, plaintiffs argue that the question of whether they are collaterally estopped, as a result of the decision in Bourns, Inc. v. Dale Electronics, Inc., supra, from asserting certain claims against these defendants is an issue common to all actions and should be decided by a single judge.  Thus, they also urge Section 1407

[2/]  An additional action has been commenced by plaintiffs against the United States in the United States Court of Claims.  This action, however, is not before the Panel for purposes of transfer.

[3/]  Defendant Carter Manufacturing Corp. failed to respond to plaintiffs' motion.  Defendant Beckman Instruments, Inc. does not oppose plaintiffs' motion, but contends that if these actions are transferred, they should be assigned to Judge Richard E. Robinson in the District of Nebraska, who is familiar with the technical subject matter of this litigation.

- 3 -

treatment of this litigation to eliminate the possibility of
inconsistent rulings among the potential transferor courts.

Because of the posture of the Allen-Bradley action in
Illinois, we are not convinced that transfer of these actions
for coordinated or consolidated pretrial proceedings will serve
the convenience of the parties and witnesses nor promote the
just and efficient conduct of the litigation.  It appears from
the papers filed before the Panel and oral argument at the
hearing held to consider plaintiffs' motion that discovery in
the Allen-Bradley action involving the common issues of patent
validity and enforceability is complete and that commencement
of trial before the Illinois court is imminent.  As a result
of the collateral estoppel doctrine enunciated by the Supreme
Court in Blonder-Tongue Laboratories, Inc. v. University
of Illinois Foundation, 402 U.S. 313 (1971), we have consistently
denied transfer of actions in patent litigation where one of
the actions was proceeding expeditiously toward trial on the
common issue of validity.  In re Disposable Diaper Patent
Validity Litigation, 362 F. Supp. 567 (J.P.M.L. 1973); In re
Lehman Equipment Co. Patent Infringement Litigation, 360 F.
Supp. 1402 (J.P.M.L. 1973).

Moreover, defendant Allen-Bradley Co. has a motion pending
in the Illinois action pursuant to Rule 42(b) of the Federal
Rules of Civil Procedure seeking a separate trial on the sole
issue of whether the unadjudicated patent claims in Bourns, Inc.
v. Dale Electronics, Inc., supra, define an invention separate

- 4 -

and distinct from that defined in the claims previously adjudi-
cated in that action.  If defendant's motion is granted and
defendant prevails on the merits, the decision of the Illinois
court could possibly favor the other defendants in their respect-
ive actions and obviate the necessity for any further pretrial
discovery.

Thus, we are not persuaded that the statutory criteria
embodied within Section 1407 have been met at this time and are
satisfied that suitable alternatives to transfer exist.  None-
theless, our denial of transfer is without prejudice to any
party's right to seek Section 1407 treatment if it feels that
future circumstances so require.

IT IS THEREFORE ORDERED that the motion to transfer the
actions listed on the attached Schedule A be, and the same
hereby is, DENIED, without prejudice to the right of any party
to move for transfer at a later time.

SCHEDULE A                                          DOCKET NO. 179

### DISTRICT OF RHODE ISLAND

Bourns, Inc., et al. v. Amperex Electronics          Civil Action
Corp.                                                No. 74-121

### DISTRICT OF MASSACHUSETTS

Bourns, Inc., et al. v. Carter Manufacturing          Civil Action
Corp.                                                No. 74-2025-S

### NORTHERN DISTRICT OF INDIANA

Bourns, Inc., et al. v. CTS Corp.                    Civil Action
                                                     No. S74-111

### DISTRICT OF NEW JERSEY

Bourns, Inc., et al. v. Electra-Midland               Civil Action
Corp.                                                No. 74-744

Bourns, Inc., et al. v. Mepco, Inc.                  Civil Action
                                                     No. 74-745

### EASTERN DISTRICT OF PENNSYLVANIA

Bourns, Inc., et al. v. Vishay Inter-                Civil Action
technology, Inc.                                     No. 74-1258

Bourns, Inc. v. Reon Resistor Corp.                  Civil Action
                                                     No. 74-1365

### NORTHERN DISTRICT OF ILLINOIS

Bourns, Inc. v. Allen-Bradley Co.                    Civil Action
                                                     No. 70C1992